```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA

ATOKA PRECISION MACHINE SHOP, LLC,        )
An Oklahoma Limited Liability Corporation )
                                          )
                    Plaintiff,            )
                                          )
v.                                        ) No. CIV-11-445-FHS
                                          )
PEERLESS INSURANCE COMPANY,               )
A New Hampshire Corporation,              )
                                          )
                    Defendant.            )
```

**OPINION AND ORDER**

    Plaintiff, Atoka Precision Machine Shop, LLC ("Precision"), has filed a Motion to Compel (Dkt. No. 25) seeking to have Defendant, Peerless Insurance Company ("Peerless"), fully respond to its requests for production of documents. A hearing on the motion was held on January 17, 2013, and the Court made various rulings with respect to the production of documents. The Court also directed Peerless to submit certain documents to the Court for in camera review. Peerless claims these documents should not be produced to Precision because they are protected by the attorney-client and work product privileges. On February 7, 2013, Peerless submitted the requested documents and the Court has reviewed them in camera. Based on a review of the documents and a consideration of the arguments and authorities presented in the parties' respective briefs, the Court finds a partial production of the documents is warranted.

    In a diversity case such as this one, the attorney-client privilege is governed by state law, while the work product privilege is governed by federal law. <u>Frontier Refining, Inc. v.</u>

Gorman-Rupp Co., Inc., 136 F.3d 695, 702 n. 10 (10th Cir. 1998). As codified under Oklahoma law, the attorney-client privilege provides protection for communications between an attorney and a client "who consults an attorney with a view towards obtaining legal service or is rendered professional legal services by an attorney." Okla. Stat. tit. 12, § 2502(A)(2). "In order to establish the privilege, it must be shown that the status occupied by the parties was that of attorney and client and that their communications were of a confidential nature." Chandler v. Denton, 741 P.2d 855, 865 (Okla. 1987). The confidential communications contemplated by the privilege must be "made for the purpose of facilitating the rendition of professional legal services to the client." Okla.Stat.tit. 12, § 2502(B). The attorney-client privilege does not apply, however, where an attorney is simply acting as a conduit for factual information or business advice. See In Re CFS-Related Securities Fraud Litigation, 223 F.R.D. 631, 635 (N.D. Okla. 2004)("It is well settled that factual information communicated from the attorney to the client is not privileged simply because an attorney was the source of the factual information."). The work product privilege is applicable to materials prepared "in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).". Fed.R.Civ.P. 26(b)(3). A key component of this privilege is the establishment of a reasonable threat of litigation and that such threat was the primary motivation for creating the document in question. See Lindley v. Life Investors Ins. Co. of America, 267 F.R.D. 382, 394 (N.D. Okla. 2010). Documents which are investigative reports prepared in the ordinary course of business, as opposed to "in anticipation of litigation," are discoverable notwithstanding the fact that they were generated by an attorney. See Allendale Mut. Ins. Co. v. Bull Data Systems,

Inc., 152 F.R.D. 132, 136 (N.D. Ill. 1993)("[d]ocuments which do not refer to work product prepared by an attorney or other agent of a party to aid in forthcoming litigation, and which were generated in the ordinary course of business, are discoverable.").

Peerless has submitted two batches of documents which it contends are protected by the attorney-client and work product privileges. The alleged privileged portions of the documents are highlighted in yellow to indicate those portions withheld from production to Precision. The first batch ("Batch 1") of documents is labeled as "Defendant Peerless Insurance Company's Privilege Log Regarding Post-Litigation Claim File, December 14, 2011 to February 14, 2012." Having reviewed the documents in Batch 1, the Court concludes that the information withheld from Precision is entitled to protection from discovery under either the attorney-client or work product privilege as asserted by Peerless. The withheld information pertains to either outside counsel's role as legal advisor to Peerless or in-house, claims file materials prepared and communicated in connection with ongoing litigation. The claims file materials withheld do not involve any factual findings concerning the investigation of Precision's claim. Consequently, the Court finds the attorney-client and work product privileges entitle Peerless to withhold the information in Batch 1 from production to Precision.

The second batch ("Batch 2") of documents is labeled as "Defendant Peerless Insurance Company's Revised Privilege Log." The Court finds the first four documents listed, PIC 0912-0915, are claims file notes prepared post-litigation concerning the employment of defense counsel and communications with defense counsel. These documents are protected by the attorney-client and work product privileges. The remainder of Batch 2 involves

documents generated by Nevin Kirkland ("Kirkland"), an attorney, who was hired by Peerless to conduct the claims investigation. Kirkland's investigation occurred prior to any litigation being filed by Precision. The fact that Kirkland is an attorney does not insulate the documents related to his investigation from discovery. The information contained within these documents is the type of factual information, including impressions about the facts, typically associated with the ordinary business of an insurance company in investigating and adjusting a claim. The Court's review of the documents leads it to conclude that Kirkland was acting more as a conduit of factual information rather than as a dispenser of legal advice. An insurance company should not be allowed to insulate the factual findings of its claims investigation, including mental impressions and conclusions, by the employment of an attorney to perform such work. Consequently, with the exception of documents PIC 0912-0915, the documents contained within Batch 2 are ordered produced to Precision.

Based on the foregoing reasons, Precision's Motion to Compel (Dkt. No. 25) is denied as to all documents contained with Batch 1, denied as to documents PIC 0912-0915 contained with Batch 2, and granted as to the remainder of the documents in Batch 2.

It is so ordered this 5th day of March, 2013.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma